

FILED

OCT 29 1991

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 1991 Grand Jury

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 91- 903 |
| | ) | |
| Plaintiff, | ) | I N D I C T M E N T |
| | ) | |
| v. | ) | [18 U.S.C. § 371: Conspiracy |
| | ) | To Commit Excise Tax Evasion] |
| ABRAM EGYAZAROV, | ) | |
| EUGENE SLUSKER, | ) | |
| MARK SERTICH, | ) | |
| SAMUEL LEHTZER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

The Grand Jury charges:

[18 U.S.C. § 371]

A.    INTRODUCTION

At all times material to this indictment:

Federal Diesel Fuel Excise Tax

1.  The Internal Revenue Code requires a producer of

diesel fuel to pay to the United States a federal excise tax of

20.1 cents per gallon of diesel fuel sold.  The Internal Revenue

Code defines "producer" to include, among others, registered

wholesale distributors of diesel fuel.

WJH:njh

2.   A wholesale distributor becomes a "producer" of diesel fuel within the meaning of the Internal Revenue Code by obtaining a Registration for Tax Free Transactions, Internal Revenue Service (IRS) Form 637 (hereinafter "IRS Form 637").  A wholesale distributor holding an IRS Form 637 can sell diesel fuel "tax free" to another wholesale distributor who also holds an IRS Form 637 and is exempt from paying federal excise tax to the United States.  This is commonly called a "tax free" transaction.

3.   The first registered wholesale distributor to sell diesel fuel to a company or retailer not holding an IRS Form 637 has to pay to the United States the 20.1 cent per gallon federal excise tax imposed on the sale of the diesel fuel.  In practice, the wholesale distributor who has to remit the tax to the United States includes the tax in the cost of the diesel fuel sold to the purchaser.  This transaction is referred to as a "tax included" or "tax paid" transaction.

"Daisy Chain" Scheme

4.   A "daisy chain" scheme is a scheme used to evade the payment of federal excise taxes on diesel fuel.  In a typical "daisy chain" scheme, a diesel fuel wholesale distributor (hereinafter "Company A"), utilizing a legitimate IRS Form 637, purchases diesel fuel "tax free" from a diesel fuel refinery or wholesale distributor holding an IRS Form 637.  Company A then "sells" this diesel fuel "tax free" to a company holding a fraudulently obtained Form 637 (hereinafter "Company B").

5.   Normally, Company B is a shell company and does not actually take physical possession of the diesel fuel.  Company B

2

typically then "sells" diesel fuel "tax paid" or "tax included" to diesel fuel retailers who do not have IRS Forms 637. Company B often charges these diesel fuel retailers significantly discounted prices for the diesel fuel sold compared to prices offered by legitimate diesel fuel wholesaler distributors.

6.   After selling diesel fuel to retailers, Company B is required to remit the diesel fuel federal excise taxes to the United States. As part of the "daisy chain" scheme, Company B fails to pay the United States these federal excise taxes. When the IRS conducts an audit to determine whether federal excise taxes have been paid by Company B, Company B and its principals disappear (Company B is thus referred to as a "burn" or "bust out" company).

B.   OBJECTS OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury and continuing to on or about October 11, 1991, within the Central District of California and elsewhere, defendants ABRAM EGYAZAROV, EUGENE SLUSKER, MARK SERTICH and SAMUEL LEHTZER, and others both known and unknown to the Grand Jury, knowingly combined, conspired, and agreed to defraud the United States Treasury Department, Internal Revenue Service, a department and agency of the United States, by impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service in the ascertainment, computation, assessment and collection of the revenue, that is, federal diesel fuel excise taxes; in that they did agree together and with each other to violate the laws of the

United States by knowingly and willfully attempting to evade and defeat the federal diesel fuel excise tax due and owing to the United States on the sale of diesel fuel.

C.   MEANS OF CARRYING OUT THE CONSPIRACY

The objects of the conspiracy were to be accomplished through use of a "daisy chain" scheme.  In the "daisy chain" scheme, defendants attempted to use a wholesale distributor, Boland Petroleum, Incorporated, 1912 High Street, Delano, California (Boland Petroleum), to purchase diesel fuel "tax free" from diesel fuel refineries.  Boland Petroleum would utilize an IRS Form 637 to facilitate this purchase.  Boland Petroleum would then sell the diesel fuel "tax free" to a shell company holding a fraudulently obtained Form 637.  This shell company would then "sell" the diesel fuel "tax paid" or "tax included" to diesel fuel retailers.  Defendants attempted to carry out this "daisy chain" scheme in the following ways:

1.   Defendant EUGENE SLUSKER would negotiate and pay for the purchase of Boland Petroleum.  Defendant EUGENE SLUSKER would place a cooperating witness in charge of the operations of Boland Petroleum.

2.   Defendant SAMUEL LEHTZER would purchase a cashier's check in order to facilitate the purchase of Boland Petroleum.

3.   Initially, defendants ABRAM EGYAZAROV and EUGENE SLUSKER would cause a cooperating witness to purchase diesel fuel "tax free" from diesel fuel refineries and sell "tax paid" to diesel fuel retailers.

4

4. Defendants ABRAM EGYAZAROV, EUGENE SLUSKER, MARK SERTICH and SAMUEL LEHTZER, and others both known and unknown, would conceal from the IRS the fact that Boland Petroleum would not be paying federal excise taxes due and owing on the sale of diesel fuel from Boland Petroleum to diesel fuel retailers.

5. Later, defendants ABRAM EGYAZAROV and EUGENE SLUSKER would cause a cooperating witness to apply to the IRS for an IRS Form 637 in order for Boland Petroleum to purchase diesel fuel "tax free" from diesel fuel refineries and sell "tax free" to shell companies holding fraudulently obtained IRS Forms 637.

6. Defendant EUGENE SLUSKER would set up a post office box and telephone answering service in the name of a shell company in order to use an IRS Form 637 fraudulently obtained from the shell company to purchase diesel fuel "tax free" from Boland Petroleum.

7. Defendants ABRAM EGYAZAROV, EUGENE SLUSKER, and MARK SERTICH, and others both known and unknown, would cause the sale, through a shell company, of "tax paid" or "tax included" diesel fuel to diesel fuel retailers.

8. Defendant MARK SERTICH would cause records to be created purporting to reflect "tax included" or "tax paid" diesel fuel "sales" to diesel fuel retailers. Defendant MARK SERTICH would maintain records showing payments made by diesel fuel retailers for diesel fuel purchases.

/ / /

/ / /

/ / /

5

D.    OVERT ACTS

To carry out and effect the objects of the conspiracy, defendants ABRAM EGYAZAROV, EUGENE SLUSKER, MARK SERTICH and SAMUEL LEHTZER, along with others both known and unknown, committed various overt acts in the Central District of California and elsewhere, among which were the following:

1. On or about July 15, 1991, defendant EUGENE SLUSKER met with a cooperating witness and another person to discuss the purchase of Boland Petroleum.

2.  On or about July 25, 1991, defendant EUGENE SLUSKER provided defendant SAMUEL LEHTZER with $26,000 in cash to purchase a cashier's check relative to the purchase of Boland Petroleum.

3.  On or about July 25, 1991, defendant SAMUEL LEHTZER purchased a cashier's check in the amount of $26,000 relative to the purchase of Boland Petroleum.

4.  On or about July 31, 1991, defendants ABRAM EGYAZAROV and EUGENE SLUSKER instructed a cooperating witness to take a $26,000 cashier's check to Bakersfield, California, for the purchase of Boland Petroleum.

5.  On or about July 31, 1991, defendants ABRAM EGYAZAROV, EUGENE SLUSKER and MARK SERTICH instructed a cooperating witness to sign an agreement identifying the cooperating witness as president of Boland Petroleum.

6.  Between on or about August 1, 1991 and August 15, 1991, defendants ABRAM EGYAZAROV, EUGENE SLUSKER, and MARK SERTICH

6

directed a cooperating witness to use an IRS Form 637 issued to the prior owners of Boland Petroleum in order to make "tax free" diesel fuel purchases from diesel fuel refineries.

7.   On or about August 9, 1991, defendants ABRAM EGYAZAROV and EUGENE SLUSKER instructed a cooperating witness to open a bank account for Boland Petroleum at Southern California Bank.

8.   On or about August 14, 1991, defendants ABRAM EGYAZAROV and EUGENE SLUSKER instructed a cooperating witness to submit an IRS Form 637 application to the IRS on behalf of Boland Petroleum.

9.   From on or about September 1, 1991 through October 10, 1991, defendants ABRAM EGYAZAROV, EUGENE SLUSKER, and MARK SERTICH spoke with a cooperating witness concerning the status of an IRS Form 637 that the cooperating witness had applied for on behalf of Boland Petroleum.

10.   On or about October 4, 1991, defendant ABRAM EGYAZAROV spoke with a cooperating witness and instructed the cooperating witness to send him records of purchases and sales of diesel fuel by Boland Petroleum.

11.   On or about October 10, 1991, defendant MARK SERTICH discussed with a cooperating witness the illicit use of an IRS Form 637 that the cooperating witness had applied for on behalf of Boland Petroleum.

12.   On or about October 11, 1991, defendants ABRAM EGYAZAROV, EUGENE SLUSKER, MARK SERTICH, and SAMUEL LEHTZER

received from a cooperating witness an IRS Form 637 for Boland Petroleum.

13.   On or about October 11, 1991, defendant ABRAM EGYAZAROV discussed with a cooperating witness that Boland Petroleum would sell diesel fuel "tax free" to another company holding an IRS Form 637 and that this latter company would be responsible for federal excise tax liabilities.

A TRUE BILL

_____
Foreperson

LOURDES G. BAIRD
United States Attorney

ROBERT L. BROSIO
Assistant United States Attorney
Chief, Criminal Division

8