JUDGMENT
=========================================================================

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

----------

NO. 94-50597
D.C./AG#: CR-91-00903-WR(CE)-3

UNITED STATES OF AMERICA

    Plaintiff - Appellee

v.

MARK G. SERTICH, aka: MARK SERTICH

    Defendant - Appellant

----------

    APPEAL FROM the United States District Court for the Central District of California, Los Angeles.

    THIS CAUSE came on to be heard on the Transcript of the Record from the United States District Court for the Central District of California, Los Angeles and was duly submitted.

    ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is AFFIRMED.

Filed and entered    October 24, 1995.

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE, MOST RECENT, ADDRESS OF RECORD, IN THIS ACTION, ON THIS DATE 12/6/95

DATED: _____
DEPUTY CLERK

ENTERED ON ICMS
DEC 6 1995

A TRUE COPY
ATTEST    NOV 15 1995
Clerk of Court
by: _____
Deputy Clerk

(147)

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 24 1995

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellee, | ) NO. 94-50597 |
| -vs- | ) D.C.NO. 91-903 WJR |
| MARK G. SERTICH, aka MARK SERTICH, | ) |
| Defendant-Appellant, | ) MEMORANDUM* |
| | ) |

Appeal from the United States District Court
for the Central District of California
William J. Rea, District Judge, Presiding

Argued and Submitted September 12, 1995
Pasadena, California

Before: BROWNING and PREGERSON, Circuit Judges and
TANNER,** District Court Judge

Mark Sertich appeals from the denial of his motion to enforce the nonprosecution paragraph of his plea agreement entered into in the Central District of California to bar a subsequent prosecution in the Northern District of Indiana. We have jurisdiction over this

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation.

1

timely appeal and AFFIRM.

## I. FACTS

The parties are aware of the facts and procedural background leading up to this appeal so we will not repeat them here.

## II. STANDARD OF REVIEW

This court reviews de novo whether or not a provision of a plea agreement is ambiguous. United States v. Anderson, 970 F.2d 602, 606 (1992), amended, 990 F.2d 1163 (9th Cir. 1993). "Plea agreements are contractual in nature and are measured by contract law standards." United States v. Keller, 902 F.2d 1391, 1393 (9th Cir. 1990). "In construing an agreement, the court must determine what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty." United States v. De La Fuente, 8 F.3d 1333, 1337 (9th Cir. 1993) (footnotes omitted). Because the understanding of the parties is a factual question, the district court determines this question and this court reviews that determination only for clear error. Anderson, 970 F.2d at 607; United States v. Read, 778 F.2d 1437, 1441 (9th Cir. 1985), cert.denied, 479 U.S. 835 (1986).

## DISCUSSION

Paragraph VI of the plea agreement entitled "Nonprosecution for Other Related Offenses" provides:

> This office agrees not to criminally prosecute you for other related offenses connected with the activities charged in the indictment, specifically, with respect to activities involving Richard Allen from approximately August 24, 1990 through October 11, 1991 within the jurisdiction of the Central District of California.

2

Additionally, "[t]his office" is defined in paragraph I of the agreement as the "United States Attorney's Office for the Central District of California."

The California indictment charges that: "Beginning on a date unknown to the Grand Jury and continuing to on or about October 11, 1991 within the Central District of California and elsewhere ...," the named defendants and others conspired to evade excise taxes on diesel fuel. The Indiana indictment charged: "From on or about October, 1986, through on or about November 17, 1987 in the Northern District of Indiana, and elsewhere ..." Sertich, along with others, conspired to evade excise taxes on diesel fuel.

Sertich's argument that the nonprosecution paragraph bound not only the United States Attorney's Office in the Central District of California, but bound the government as a whole is based on two Fourth Circuit cases, United States v. Carter, 454 F.2d 426, 428 (4th Cir. 1972)(holding that if the district court were to find that the United States government promised to prosecute the defendant only in the District of Columbia, then the government was barred from prosecuting in the Eastern District of Virginia) and United States v. Harvey, 791 F.2d 294, 303 (4th Cir. 1986)(holding that a plea agreement that is ambiguous as to whether it binds only the prosecuting district must be resolved against the government to bind the United States in all districts).[1]

---

[1] There is a tension in the writings of the Fourth and Second Circuit.
In United States v. Annabi, 771 F.2d 670, 672 (2d Cir. 1985) (per curiam), the Second Circuit held: "A plea agreement binds only the office of the United States Attorney for the district in which the plea is entered unless it affirmatively appears that the agreement contemplates a broader restriction." See also United States v. Russo, 801 F.2d 624 (2d Cir. 1986); United States v. Alessi, 544 F.2d 1139 (2d Cir. 1976), cert.denied, 429 U.S. 960, 97 S.Ct. 384, 50 L.Ed. 2d 327 (1976).
United States v. Ingram 1179 F.2d, 1185 n.7 (7th Cir. 1992).

3

Carter and Harvey are not controlling. In this case, Sertich and the government had a written plea agreement. Sertich's argument that he was promised by the Assistant United States Attorney of the Central District of California that he would not be prosecuted in Indiana is not supported by the record. The district court's implicit finding on this point is not clearly erroneous. Thus Carter is not on point.

In Harvey the Fourth Circuit found that the plea agreement was ambiguous as a matter of law. Harvey, 791 F.2d at 301. The plea agreement in that case was ambiguous in that it used the terms "Government" and "Eastern District of Virginia" interchangeably. Id. at 302. The plea agreement at issue here alleviates the ambiguity in the language that concerned the Harvey court. In Sertich's agreement the agency -- "this Office" -- was clearly defined as the United States Attorney's Office for the Central District of California. Consistently throughout the agreement the term "this Office" is used. The only instance the term "the government" appears in Sertich's plea agreement is in the final paragraph regarding no other agreements. This single usage does not create an ambiguity. See United States v. Ingram, 979 F.2d 1179, 1185 n.7 (7th Cir. 1992).

Furthermore, the Harvey court was concerned that Harvey's plea agreement did not refer to the geographical area covered by the agreement. See Harvey, 791 F.2d at 296 n.1. Sertich's agreement, by contrast, clearly refers to the geographical restriction covered by the plea agreement. The last clause of the paragraph at issue states "within the jurisdiction of the Central District of California."

We, therefore, hold that Sertich's plea agreement is clear as a matter of law. It

4

bound only the United States Attorney's office for the Central District of California. The district court's order denying the motion to enforce the plea agreement was not clearly erroneous.

    AFFIRMED.

*A TRUE COPY ATTEST NOV 15 1995 — Clerk of Court by [signature] Deputy Clerk*

```
                                                              CRIMAT INVATT
                                                                           i

INTERNAL USE ONLY: Proceedings include all events.
94-50597 USA v. Sertich

UNITED STATES OF AMERICA              Nathan J. Hochman, Esq.
     Plaintiff - Appellee             213/894-5744
                                      [COR LD NTC aus]
                                      USLA - OFFICE OF THE U.S.
                                      ATTORNEY
                                      Criminal Division
                                      312 North Spring Street
                                      Los Angeles, CA 90012


     v.

MARK G. SERTICH, aka: MARK            Brian D. McMahon, Esq.
SERTICH                               310-917-9277
     Defendant - Appellant            Suite 400
                                      [COR LD NTC ret]
                                      CRANE, RAYLE & LENNEMANN
                                      530 Wilshire Blvd.
                                      Santa Monica, CA 90401

                                      Richard P. Crane, Jr., Esq.
                                      310/917-9277
                                      Suite 400
                                      [COR LD NTC ret]
                                      CRANE & McCANN
                                      530 Wilshire Boulevard
                                      Santa Monica, CA 90401
```